**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.**
**Employer Below, Petitioner**

**vs.)    No. 17-1017**  (BOR Appeal No. 2051989)
                              (Claim No. 2011035326)

**GARY MIKESIC,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc., by Denise D. Pentino and Aimee M. Stern, its attorneys, appeal the decision of the West Virginia Workers' Compensation Board of Review. Gary Mikesic, by Robert L. Stultz, his attorney, filed a timely response.

The issue on appeal is whether additional compensable diagnoses were properly added to the claim and whether treatment for those conditions should have been authorized. On December 7, 2016, the claims administrator denied authorization for a lumbar epidural injection. On December 27, 2016, the claims administrator denied a request to add spinal stenosis, lumbar region with neurogenic claudication; degeneration of intervertebral disc, unspecified site; and lumbago as compensable conditions. The Office of Judges reversed the claims administrator in its May 9, 2017, Order and held the claim compensable for a low back strain, L4-L5 disc herniation, and lumbago and authorized the epidural steroid injection. The Order was affirmed by the Board of Review on October 24, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mikesic, a coal miner, experienced spasms and pain in his back radiating down to his right leg after performing overhead work on March 10, 2011. On March 13, 2011, he reported to MedExpress with back pain radiating down his right leg. He noted he was generally a shuttle car operator, but was doing a job that required more stretching on March 10, 2011. Mr. Mikesic

1

thought the pain was related to a hernia repair he had in the past. The records show that he became belligerent when the physician would not order an immediate MRI. The physician noted alcohol on his breath and he admitted to drinking six beers. Mr. Mikesic requested the physician write him a work excuse and the physician refused. He was referred to the hospital for further treatment.

On March 14, 2011, he was treated by David Griffith, M.D., in the emergency room at Canonsburg General Hospital for severe back pain radiating into his right hip, thigh, knee, and calf. A lumbar spine x-ray reveled mild degenerative disc disease and endplate osteophyte formation; chronic-appearing minimal anterior wedging of T12-L2; and minimal degenerative retrolisthesis of L2 and L3. Mr. Mikesic was diagnosed with acute pain in the lower back and acute right-sided sciatica.

On March 15, 2011, Mr. Mikesic was treated by Laurie Molinda, M.D., for continued back pain. He provided a history of "stretching on the job" when his back "just spasmed out with pain". Dr. Molinda noted his history was positive for back surgery. Mr. Mikesic reported his back pain had gotten better over the past two days. Dr. Molinda noted a positive straight leg to thirty degrees on the right and spasm. She diagnosed severe right lower back pain with paresthesias and radicular symptoms and recommended a lumbar spine MRI.

On April 7, 2011, the employee's and physician's report of injury was completed. Mr. Mikesic indicated he injured his low back by overextending. A physician at MedExpress completed the medical portion of the form and stated he was referred to the emergency room for evaluation. On April 11, 2011, a lumbar spine MRI showed right lateral disc herniation at L4-L5 with extruded nucleus pulpous extending superiorly posterior to the L4 vertebral body on the right compressing the thecal sac from the anterolateral right aspect; diffuse disc bulge from L2-L5 and L5-S1; degenerative disc disease; and retrolisthesis of L2 and L3.  On  April  18,  2011, Dr. Molinda noted impingement on the nerve at L4-L5 as well as other abnormal findings. She opined the L4-L5 impingement corresponded with his findings. She recommended an epidural steroid injection.

Dr. Griffith completed the physician section of the employees and physicians report of injury on April 30, 2011, and listed the compensable diagnoses as backache, lumbago, sciatica, and hypertension. The claims administrator denied compensability of the claim on May 11, 2011.[1]

Richard Prostko, M.D., saw Mr. Mikesic for a neurosurgical consultation and evaluation on May 31, 2011. Mr. Mikesic told him he had a work injury on March 10, 2011, when he overextended his body while standing on his tiptoes and reaching over his head. He developed back pain that he thought was a muscle pull. Mr. Mikesic had been off work and felt like he had gotten somewhat better. Dr. Prostko noted the MRI showed a large L4-L5 far lateral disc herniation. He opined that Mr. Mikesic was symptomatic from the disc herniation and right L4

---

[1] On July 14, 2011, the Office of Judges reversed the claims administrator and held the claim compensable for a low back injury. That Order was not appealed.

radiculopathy. Surgical options were discussed, but Mr. Mikesic opted for an epidural steroid injection. On July 21, 2011, Dr. Prostko noted Mr. Mikesic was doing well. He did not have any back pain or significant radicular pain. In Dr. Prostko's opinion, Mr. Mikesic had improved significantly and was able to return to work.

On December 15, 2011, Joseph Grady, M.D, performed an independent medical evaluation for the compensable condition of a back sprain. Mr. Mikesic said he was injured when he was reaching overhead to insert a roof bolt and had to fully extend himself to reach and push up on the roof belt causing a sudden onset of pain in his low back. He continued to have back discomfort and pain in his right leg. However, he had returned to work in August and was still working. Dr. Grady diagnosed lumbosacral myofascial strain superimposed on multilevel degenerative changes. He opined that Mr. Mikesic had reached maximum medical improvement for the compensable diagnosis and assessed 5% whole person impairment due to reduced lumbar flexion.

It appears that Mr. Mikesic was doing well until December 4, 2012, when he sought treatment from Deanna Schweikart, a physician's assistant in Dr. Prostko's office, for recurrent leg pain. He told her that on November 25, 2012, without any precipitating injury, he developed a recurrence of right lower extremity pain, mainly in his right lateral thigh. Mr. Mikesic reported the pain was similar to that he had with his original injury and related the current complaint to the original injury. A round of oral steroids had helped his pain significantly. Ms. Schweikart recommended an epidural steroid injection and an updated MRI.

The updated lumbar MRI performed on January 7, 2013, revealed diffuse disc bulging at L4-L5 producing mild central canal stenosis and mild to moderate bilateral foraminal narrowing; moderate diffuse disc bulging at the L1-L2 and L3-L4 levels; and moderate diffuse disc bulging at L5-S1. On January 29, 2013, Edward Powell, another physician's assistant in Dr. Prostko's office, noted the MRI showed the far lateral disc herniation at L4-L5 on the right was smaller than it had been. Mr. Powell recommended an epidural steroid injection.

Mr. Mikesic appears to have had no additional problems until April 30, 2015, when he was seen by Joshua Trbovich, a physician's assistant with Dr. Prostko's office. Mr. Mikesic reported worsening symptoms over the previous few months including recurrent low back pain radiating primarily to his right buttocks, anterolateral thigh, and anterior tibial region on the right and left side, worse when he stands and walks.

On May 10, 2015, in a diagnosis update form, Dr. Prostko listed herniated lumbar disc as the primary diagnosis and low back pain and lumbar stenosis as the secondary diagnoses. He noted Mr. Mikesic had low back and right lower extremity pain along with limited range of motion of the spine.

Mr. Mikesic was treated in the emergency room at Canonsburg General Hospital in November for complaints of back pain that started the previous day. Mr. Mikesic said he had flare-ups of his back pain once or twice a year. An x-ray was recommended, but Mr. Mikesic refused as he just wanted a prescription for steroids. The physician recommended he stay off of

3

work the next day and diagnosed right-sided lumbar radiculopathy. Keystone Pain Consultants requested authorization for a repeat lumbar epidural steroid injection for lumbar radiculopathy on December 1, 2016. The request was denied by the claims administrator on December 7, 2016, as the lumbar epidural injection was for a non-compensable condition. On December 27, 2016, the claims administrator denied a request to add spinal stenosis, lumbar region with neurogenic claudication; degeneration of intervertebral disc, unspecified site; and lumbago as compensable conditions.

Dr. Grady performed a medical records review on February 27, 2017, after having previously evaluated Mr. Mikesic on December 15, 2011. Dr. Grady opined that there was no indication in the information regarding Mr. Mikesic's mechanism of injury that would suggest a cause for spinal stenosis. The extensive structural abnormalities were consistent with a degenerative cause. Mr. Mikesic had extensive degeneration of the intervertebral disc prior to the March 10, 2011, injury. If the term "lumbago" was being used to explain pain, then Dr. Grady agreed that Mr. Mikesic had lumbago due to the injury. However, if it was being used as a substitute term for lumbar radiculopathy or nerve impingement, it would not be due to the injury. Dr. Grady opined that the "transient but recurring" low back pain was due to the underlying lumbar spondylosis and not the work injury. In his opinion, the lumbar epidural steroid injection was not related to the compensable diagnosis, but was to treat the underlying lumbar spondylosis.

On May 9, 2017, the Office of Judges reversed the December 7, 2016, claims administrator's decision and authorized the lumbar epidural steroid injection. It also affirmed the December 27, 2016, decision that held the claim compensable for a low back strain, L4-L5 disc herniation, and lumbago. The Office of Judges noted that Mr. Mikesic had a compensable injury to his back, notwithstanding the preexisting problems with his back. It determined that the treating physician noted the disc herniation corresponded to Mr. Mikesic's pain complaints after the injury. Therefore, it found that disc herniation should be found compensable. The Office of Judges also found that lumbago should be found compensable because Mr. Mikesic suffered back pain as a result of the injury. [2] The Office of Judges noted that Mr. Mikesic had not been given lumbar steroid injections prior to the injury and that the herniated disc contributed to the need for the injections. Therefore, the request for authorization for the injections should have been approved.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 24, 2017. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Murray American Energy, Inc., argues that the Office of Judges failed to give proper weight to Mr. Mikesic's medical records showing a long history of lumbar spine problems. However, the medical records are void of any previous lumbar spine MRI reports showing he had a herniated disc prior to the work injury. Mr. Mikesic had numerous degenerative findings, but it is just as probable as not

_____

[2] The Office of Judges also addressed the motion to reopen for permanent partial disability. That issue was not appealed and therefore not addressed.

that the disc was herniated on the date of the injury. Therefore, the Board of Review did not err in affirming the Office of Judges' Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker